CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
E-mail: chantel@hankslg.com
HANKS LAW GROUP
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 758-8434
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CLARK COUNTY NEVADA**

| | |
|---|---|
| RICHARD BRAEGGER, an individual; and DEBRA BRAEGGER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC., a foreign corporation; DOE INDIVIDUALS I through X; ROE CORPORATIONS I through X;<br><br>Defendants. | Case No.: 2:23-cv-01013-RFB-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

The parties, by and through their undersigned counsel, stipulate and agree that the following shall constitute the discovery plan and scheduling order in this matter, pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1:

A. **Fed. R. Civ. P. 26(f) Conference**: On September 21, 2023, the parties participated in a telephone conference to discuss issues required by Federal Rule of Civil Procedure 26(f). Chantel M. Schimming, Esq., counsel for Richard Bragger and Debra Braegger ("Braeggers") and Tracy DiFillippo, Esq., counsel for Wyndham Vacation Resorts, Inc. ("Wyndham") attended the conference. The parties shall provide their initial disclosures on or before **October 5, 2023.**

1. **Discovery Cut-Off Date**: Discovery shall close 180 days from the date of the filing of the answer. Defendant, Wyndham filed its answer to Braeggers' complaint on September 18, 2023. (Doc. No. 12.). Discovery shall close on **Monday, March 18, 2024**.[1]

---

[1] 180 days from September 18, 2022, is March 16, 2023, which falls on a Saturday moving the deadline to Monday, March 18, 2023.

- 1 -

2. **Amending the Pleadings and Adding Parties**: All motions to amend the pleadings or to add parties shall be filed not later than ~~Tuesday, December 19, 2024~~, ninety days before the discovery cut-off date.
**Tuesday, December 19, 2023**

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**: Disclosures concerning experts shall be made by **Thursday, January 18, 2024**, sixty days before the discovery cut-off date. Disclosures of rebuttal experts shall be made by **Tuesday, February 20, 2024**[2], approximately thirty days after the initial disclosure of experts.

4. **Dispositive Motions**: The date for filing dispositive motions shall not be later than **Wednesday, April 17, 2024**, thirty days after the discovery cut-off date.

5. **Pretrial Order**: The date for filing of the joint pretrial order shall not be later than **Friday, May 17, 2024,** within thirty days after the date set for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty days after decision on the dispositive motions or until further order of this Court. The parties shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto, within the pretrial order.

B. **Fed. R. Civ. P. 26(f)(3) Scope of Discovery**: The parties agree that there should be no changes in the timing, form or requirement for disclosures under Rule 26(a). Initial disclosures made no later than fourteen days after the Rule 26(f) conference.

1. The parties agree that discovery should be allowed on all claims and defenses and extend to the full extent allowed by the Federal Rules of Civil Procedure.

2. The parties do not anticipate at this time that discovery will be required of electronically stored information, or, if required, will not be substantial or voluminous. As a result, the parties agree that, to the extent there exists electronically stored information responsive to document requests at the time of the requests, it can be produced in hard copy and not native format. Notwithstanding the foregoing, the parties reserve the right

---

[2] Thirty days from January 18th is February 17th which falls on a Saturday and Monday, February 19th is a federal holiday. This moves the date to Tuesday, February 20th.

- 2 -

1                  to produce or to request that documents be produced in native format.

2          **C. Extensions or Modifications of the Discovery Plan and Scheduling Order**: Pursuant to
3 LR 26-3, which governs modifications or extensions of this discovery plan and scheduling order,
4 any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order
5 must be made not later than twenty-one days before the subject deadline. Any stipulation or motion
6 to extend the discovery cut-off period must be made no later than **Monday, February 26, 2024**,
7 twenty-one days before the discovery cut-off date.

8          **D. Settlement**: In accordance with Federal Rule of Civil Procedure 26(f), the parties discussed
9 settlement but have not reached any agreement at this time.

10         **E. Alternative Dispute Resolution**: The parties met and conferred about the possibility of
11 using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early
12 neutral evaluation (collectively, "ADR") and determined that ADR is not a viable option at this time.

13         **F. Alternative Forms of Case Disposition**: The parties considered consent to trial by a
14 magistrate judge and use of the short trial program and do not consent to either at this time.

15         **G. Later Appearing Parties**: This Discovery Plan and Scheduling Order shall apply to such
16 later appearing parties, unless a stipulation of the parties is approved by the court, or the court, on
17 motion for good cause shown, otherwise orders.

18         **H. Additional Information**: The parties agree to accept service via email to all addresses to
19 which notice is electronically mailed on the CM/ECF system of disclosures, written discovery and
20 any other documents that are not filed through CM/ECF.

21         **I. Court Conference**: The parties do not request a conference with the Court before the entry
22 of this Scheduling Order and Discovery Plan.

23 …

24

25 …

26

27 …

28

**J. Electronic Evidence**: Braeggers filed a demand for jury trial. At this time, the parties do not anticipate presenting evidence to the jury in electronic format. If this changes, the parties will meet and confer about this issue and advise the court.

| HANKS LAW GROUP | ARMSTRONG TEASDALE, LLP |
|---|---|
| */s/ Chantel M. Schimming*<br>Chantel M. Schimming, Esq.<br>Nevada Bar No. 8886<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, Nevada 89139<br>Telephone: (702) 758-8434<br>Email: chantel@hankslg.com<br><br>*Attorneys for Richard Braegger and Debra Braegger* | */s/ Tracy DiFillippo*<br>Tracy DiFillippo, Esq.<br>Nevada Bar No. 7676<br>7160 Rafael Rivera Way, Suite 320<br>Las Vegas, Nevada 89113<br>Telephone: (702) 678-5070<br>Email: TDiFillippo@atllp.com<br><br>*Attorneys for Wyndham Vacation Resorts, Inc.* |

**ORDER**

**IT IS ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 27, 2023